IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA *

v. * CR 609-048-30

MICHAEL PAUL SANDERS *

O R D E R

Before the Court is Defendant Michael Paul Sanders' motions for reconsideration of the Order of February 13, 2015, which denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines.[1]

On September 1, 2010, Sanders was sentenced to 134 months imprisonment upon his conviction on one count of conspiracy to possess with intent to distribute and to distribute drugs to include cocaine base (crack cocaine). Sanders' offense level was determined to be 32, yielding a guideline range of 135 to 168 months. The Honorable B. Avant Edenfield conducted a downward variance in sentencing Sanders to 134 months. His reason for doing so is offered in the Statement of Reasons appended to the Judgment and Commitment Order. Judge Edenfield explains:

> The Court is aware that on August 3, 2010, the Fair Sentencing Act of 2010 was signed into law

---

[1] This case was reassigned to the undersigned judge on account of the death of the Honorable B. Avant Edenfield.

mandating an approximate 18:1 powder/crack cocaine ratio in determining the threshold quantities of those drugs required to trigger certain mandatory minimum terms of imprisonment. The Act also directs the United States Sentencing Commission to amend the advisory sentencing guidelines to account for that 18:1 ration. Although the Commission has not yet amended the guidelines, the Court has proceeded with sentencing in this matter and has sentenced the defendant using the 18:1 powder/crack ratio mandated by the Act. The Court explicitly states that the sentence imposed accounts for the reduction in the disparity between powder cocaine and crack cocaine and the defendant will not be entitled to further reduction should the Commission determine that the guideline amendments brought about by the Act should be retroactive.

In denying Sanders' most recent motion to reduce his sentence, Judge Edenfield explained once again that he had conducted a downward variance to reflect the then-present disparity between cocaine base and cocaine hydrochloride. (Order of February 13, 2015, doc. no. 1117.) The original sentence of 134 months falls within the new guideline range of 108 to 135 months. Upon consideration of the 18 U.S.C. § 3553 factors and the "specific circumstances of this particular defendant," any further reduction, Judge Edenfield noted, is not appropriate. (Id.)

Sanders presently asks the presiding judge to reconsider his sentence in both motion filed March 19, 2015, and a letter written to Judge Edenfield on April 8, 2015. Sanders first believes that his amended guideline range should be lower than 108 to 135 months. He reasons that because Judge Edenfield sentenced him at an offense level of 30 (in giving him a 134

2

month sentence) as opposed to 32, he should now be sentenced at a level of 28 to get the benefit of the two-level offense level reduction afforded by Amendment 782 to the United States Sentencing Guidelines. Sanders' argument misses the point that he has already been given the two-level offense level reduction afforded by Amendment 782 <u>at the time of his original sentencing</u>.

The Eleventh Circuit has directed a two-step process in ruling on a Section 3582(c) motion in <u>United States v. Bravo</u>, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range." <u>Id.</u> In other words, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Here, had the amendment been in effect at the time of sentencing, Sanders' guideline range would be 108 to 135 months with an offense level of 30, not 28.

Second, the district court must then employ its discretion, in light of the Section 3553(a) sentencing factors, to determine whether to resentence the defendant <u>under the amended guideline range</u>. <u>Id.</u> at 781. As stated, Judge Edenfield determined that a lower sentence was not warranted. The presiding judge will not second guess Judge

3

Edenfield's estimation of this Defendant and his particular circumstances. Thus, there will be no further reduction within the new guideline range.

In his letter, Sanders also requests that the Court recommend a residential treatment program for his "drug abuse," noting that the Presentence Investigation Report "did not fully convey the severity of the impact of drug abuse in my case." (Doc. No. 1120.) In 2010, Sanders reported to the United States Probation Office that he used marihuana for two months and cocaine hydrochloride for one year when he was 20 years old and had not used drugs since that time. Sanders was 29 years old at the time. It is not only incredulous that Sanders would allow a statement that he had been drug-free for the preceding nine years to stand if incorrect, but even more so that he would wait five more years to profess its inaccuracy. In short, Sanders' request in this regard borders upon ludicrous, and this Court will not recommend a residential treatment program for Sanders.

Upon the foregoing, Sanders' motions for reconsideration (doc. nos. 1119 and 1120) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of June, 2015.

UNITED STATES DISTRICT JUDGE

4